ARTHUR H. FORMAN, ESQ.
98-20 Metropolitan Avenue
Forest Hills, New York 11375
Tel:     (718) 268-2616
Fax:     (718) 575-1600
e-Mail: ahf@ahforman.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

NELSON SOTO REYES, AUGUSTO SESAM IBOY
ALVARO SESAM IBOY and RENE MALLOQUIN,
individually and on behalf of others similarly                                    Case No.
situated,

                                                Plaintiffs,

                                                                          **FLSA COLLECTIVE
                                                                          ACTION COMPLAINT**

                        -v.-

NABIS DELICATESSEN, INC. d/b/a Burnside Deli,
and HURMUT HOTAKI a/k/a Hurmat Hotaki,

                                                Defendants

-------------------------------------------------------------------------X

        Plaintiffs, Nelson Soto Reyes, Alvaro Sesam Iboy, Alvaro Sesam Iboy and Rene

Malloquin, individually and on behalf of others similarly situated, (hereinafter, "Plaintiffs"), by

and through their undersigned attorney, Arthur H. Forman, hereby file this Complaint against

Defendants Nabis Delicatessen, Inc. d/b/a Burnside Deli, (the "Deli" or the "Corporate

Defendant") and Hurmut Hotaki a/k/a Hurmat Hotaki, and state as follows:

## NATURE OF THE ACTION

        1.        Plaintiffs allege that pursuant to the Fair Labor Standards Act, as amended,

29 U.S.C. §§ 201 *et. seq.* ("FLSA"), they are entitled to recover from Defendants: (a) unpaid

minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment

and post-judgment interest, and (e) attorneys' fees and costs.

2.      Plaintiffs further allege that pursuant to New York Labor Law, they are entitled to recover from the Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

3.      Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' State law claims under 28 U.S.C. §1367(a).

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) because all, or a substantial portion of the events giving rise to the claims occurred in this district.  Defendants operate their business in this district.  Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

6.      Plaintiff, Nelson Soto Reyes, is an adult individual residing in Nassau County, New York.  Plaintiff Reyes was employed by Defendants as a grill cook and/or counter worker from approximately November 2013 until on or about November 1, 2016.

7.      Plaintiff, Augusto Sesam Iboy, is an adult individual residing in Nassau County, New York.  Plaintiff Augusti Iboy was employed by Defendants as a grill cook and/or counter worker from approximately January 2010 until on or about November 20, 2013.

8.      Plaintiff, Alvaro Sesam Iboy, is an adult individual residing in Nassau County, New York.  Plaintiff, Alvaro Iboy was employed by Defendants as a grill cook and/or counter worker from approximately March 2012 until on or about March 2013.

9.    Plaintiff, Rene Malloquin, is an adult individual residing in Nassau County, New York. Plaintiff, Malloquin was employed by Defendants as a grill cook and/or counter worker from approximately October 2015 until on or about February 14, 2017.

*Defendants*

10.    At all relevant times, Defendants own, operate or control a counter service restaurant doing business under the trade name Burnside Deli.

11.    Upon information and belief, Defendant, Nabis Delicatessen, Inc. is a domestic corporation organized and existing pursuant to the laws of the State of New York, having its principal place of business at 267 Burnside Avenue, Lawrence, New York 11559.

12.    Defendant, Hotaki is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

13.    Defendant, Hotaki is sued individually in his capacity as owner, officer and/or agent of the Corporate Defendant.

14.    Defendant Hotaki determined the wages and compensation of the employees of the Deli, including Plaintiffs, and establishes or established the schedules of the employees, maintains employee records, and has or had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

15.    Defendants operate a counter service restaurant located in Lawrence, New York.

16.    Defendant, Hotaki possesses operational control over the Corporate Defendant, Nabis Delicatessen, Inc., an ownership interest in the Corporate Defendant or controls significant functions of the Corporate Defendant.

17.    Defendant, Hotaki possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with

respect to the employment and compensation of Plaintiffs, and all similarly situated individuals referred to herein.

18.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the New York Labor Law.

19.    At all relevant times, Defendant Hotaki was Plaintiffs' employer within the meaning of the FLSA and New York Labor Law.

20.    In each year from 2014 to 2017, the Deli had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

21.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce.  As an example, numerous items that were used in the Deli on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

22.    Plaintiffs are former and current employees of Defendants who were employed as food shop workers performing counter work, cooking and cleaning duties.

23.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Nelson Soto Reyes*

24.    Plaintiff Reyes was employed by Defendants from on or about and approximately November 2013 until on or about November 1, 2016.

25.    Plaintiff Reyes regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

26.    Plaintiff Reyes' work duties required neither discretion nor independent judgment.

27.     Throughout his employment with Defendants, Plaintiff Reyes regularly worked in excess of forty (40) hours per week.   He worked six days per week, from 6:00 a.m. to 4:00 p.m., typically 60 hours per week.   But every other week, he worked seven days per week, from 6:00 a.m. to 4:00 p.m., for a total of 70 hours per week.

28.     Throughout his employment with defendants, Plaintiff Reyes was paid his wages solely in cash.

29.     Until approximately January 1, 2015 Defendants paid Reyes $9.00 per hour for all hours he worked.  Reyes was always paid his regular hourly rate of pay regardless of the number of hours he worked each week.

30.     After January 1, 2015, Defendants paid Reyes $10.00 per hour regardless of the number of hours he worked each week.

31.     Plaintiff Reyes was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

32.     Furthermore, Defendants did not provide Plaintiff Reyes with a statement of wages with each payment of wages, as required by NYLL 195(3).

33.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Reyes regarding overtime and wages under the FLSA and NYLL.

34.     Defendants did not give any notice to Plaintiff Reyes of his rate of pay, employer's a regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Augusto Sesam Iboy*

35.     Plaintiff Augusto Iboy was employed by Defendants from approximately January 2010 until Approximately November 15, 2013.

36.     Plaintiff Augusto Iboy regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37.    Plaintiff Augusto Iboy's work duties required neither discretion nor independent judgment.

38.    Throughout his employment with Defendants, Plaintiff Augusto Iboy regularly worked in excess of forty (40) hours per week.  He worked from 6:00 a.m. to 4:00 p.m. seven days per week, typically 70 hours per week, but often stayed later to help clean the restaurant.

39.    Plaintiff Augusto Iboy was always paid his wages in cash.

40.    Throughout his employment Defendants paid Plaintiff Augusto Iboy a salary of $550.00 per week.

41.    Plaintiff Augusto Iboy's pay did not vary regardless of the number of hours he worked each week.

42.    Plaintiff Augusto Iboy was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

43.    Furthermore, Defendants did not provide Plaintiff Augusto Iboy with a statement of wages with each payment of wages, as required by NYLL 195(3).

44.    Defendants did not give any notice to Plaintiff Augusto Iboy of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Alvaro Sesam Iboy*

45.    Plaintiff Alvaro Iboy was employed by Defendants from on or about and approximately March 2012 until on or about March 2013.

46.    Plaintiff Alvaro Iboy regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

47.    Plaintiff Alvaro Iboy's work duties required neither discretion nor independent judgment.

48.    Throughout his employment with Defendants, Plaintiff Alvaro Iboy regularly worked in excess of forty (40) hours per week.  From the date he started work in March 2012 until approximately January 1, 2013, he worked six days per week, from 6:00 a.m. to 4:00 a.m., typically 60 hours per week.  Thereafter until his employment ended in March 2013, he worked seven days per week, 6:00 a.m. to 4:00 p.m., a total of 70 hours per week.  However, throughout his employment Plaintiff Alvaro often had to stay past 4:00pm to help clean the restaurant.

49.    Throughout his employment with Defendants, Plaintiff Alvaro Iboy was paid his wages solely in cash.

50.    For the first approximately six months of his employment, from March 2012 until approximately September, 2012, Defendants paid Plaintiff Alvaro Iboy a salary of $480.00 per week.

51.    Thereafter, from approximately September 2012 until his employment ended in March 2013, Defendants paid Plaintiff Alvaro Iboy a salary of $500.00 weekly.

52.    Plaintiff Alvaro Iboy's pay did not vary regardless of the number of hours he worked each week.

53.    Plaintiff Alvaro Iboy was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

54.    Furthermore, Defendants did not provide Plaintiff Alvaro Iboy with a statement of wages with each payment of wages, as required by NYLL 195(3).

55.    Defendants did not give any notice to Plaintiff Alvaro Iboy of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Rene Malloquin*

56.    Plaintiff Malloquin was employed by Defendants from approximately October 2015 until on or about February 2017.

57.  Plaintiff Malloquin regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

58.  Plaintiff Malloquin's work duties required neither discretion nor independent judgment.

59.  Throughout his employment with Defendants, Plaintiff Malloquin regularly worked in excess of forty (40) hours per week.  He worked from 7:00 a.m. to 4:00 p.m. for five days per week, from Tuesday to Friday and Sunday, and 6:00 a.m. to 4:00 p.m. on Saturday of each week, a total of 55 hours per week.

60.  Throughout his employment with Defendants, Plaintiff Malloquin was paid his wages solely in cash.

61.  From his date of hire until approximately January 1, 2016, Defendants paid Plaintiff Malloquin $7.00 per hour for each hour he worked.  Thereafter, until his employment ended Defendants paid Plaintiff Malloquin $9.00 per hour.  Malloquin was always paid his regular hourly rate of pay regardless of the number of hours he worked each week.

62.  Plaintiff Malloquin's pay did not vary regardless of the number of hours he worked each week.

63.  Plaintiff Malloquin was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

64.  Furthermore, Defendants did not provide Plaintiff Malloquin with a statement of wages with each payment of wages, as required by NYLL 195(3).

65.  Defendants did not give any notice to Plaintiff Malloquin of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

66.  At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of forty

(40) hours a week without paying them appropriate minimum wage and overtime pay as required by federal and state laws.

67.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

68.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

69.    As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

70.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

71.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former food shop workers.

72.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

73.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the

overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

74.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring, or whenever their rate of pay changed, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or loading allowances; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTON CLAIMS

75.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

76.     At all relevant times, Plaintiffs and other member of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

77.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage and the overtime compensation at a one and one-half times their regular rates for working excess of forty (40) hours per week.

78.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

79.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FLSA

80.     Plaintiffs repeat and reallege all paragraphs above as though full set forth herein.

81.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d).  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

82.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

83.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 (r-s).

84.     In violation of 29 U.S.C. §206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

85.     Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. §255(a).

86.     Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

87.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

88.     Defendants, in violation of 29 U.S.C. §207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

89.     Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. §255(a).

90.     Plaintiffs were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

91.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

92.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Labor Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

93.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

94.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Labor Law § 663.

95.     Plaintiffs were damaged in an amount to be determined at trial

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK STATE LABOR LAW

96.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

97.     Defendants, in violation of N.Y. Labor Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime

compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

98.    Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

99.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Labor Law § 663.

100.    Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

101.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

102.    Defendants failed to provide Plaintiffs with a written notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195 (1).

103.    Defendants are liable to each Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

104.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195 (3).

106.    Defendants are liable to each Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants by:

a.    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action.

b.    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under the FLSA as to Plaintiffs (including the prospective collective class members);

c.    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

d.    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the

prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

e.    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

f.    Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable.;

g.    Awarding Plaintiffs (including the prospective collective class members) liquidated damages for the amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages under the FLSA pursuant to 29 U.S.C. § 216(b).

h.    Declaring that Defendants' violated the minimum wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiffs.

i.    Declaring that Defendants' violated the overtime wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiffs.

J.    Declaring that Defendants' violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, and wages;

k.    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs.

l    Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages under the NYLL;

m    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b,) and 198 (1-d);

n.    Awarding Plaintiffs liquidated damages for the amount equal to one hundred percent (100%) of the total amount of minimum wage, and overtime compensation shown to be owed pursuant to NYLL §§ 198(1-a) and 663;

o.      Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

p.      Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

q.      Providing that if any amounts remain unpaid upon the expiration of ninety days (90) following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4); and

Dated:  February 23, 2018
        Forest Hills, New York                    _____/S/_____

                                                 ARTHUR H. FORMAN
                                                 90-20 Metropolitan Avenue
                                                 Forest Hills, New York 11375
                                                 (718) 268-2616

                                                 *Attorney for Plaintiffs*