UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NELSON SOTO REYES, AUGUSTO SESAM
IBOY, ALVARO SESAM IBOY and RENE
MALLOQUIN, individually on behalf of
all other similarly situated,

                  Plaintiffs,                        **REPORT AND**
                                                                   **RECOMMENDATION**
                                                                   CV 18-1211 (SJF) (ARL)
       -against-

NABIS DELICATESSEN, INC. d/b/a
Burnside Deli and HURMUT HOTAKI a/k/a
Hurmat Hotaki,

                  Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Plaintiffs Nelson Soto Reyes, Augusto Sesam Iboy, Alvaro Sesam Iboy and Rene Marroquin (collectively "Plaintiffs") commenced this putative collective and class action against defendants Nabis Delicatessen, Inc. d/b/a Burnside Deli and Hurmut Hotaki a/k/a Hurmat Hotaki (collectively, "Defendants") alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law §§ 190 et seq. ("NYLL"). By Order dated February 26, 2019, Judge Bianco granted Plaintiffs' motion for a default judgment and referred the matter to the undersigned for a Report and Recommendation to address the issue of damages and other relief sought by Plaintiffs. Based upon the information submitted by Plaintiffs, and for the reasons set forth below, the Court respectfully recommends to Judge Feuerstein[1] that Plaintiffs be awarded damages in the following amounts: (1) $98,890.75 in unpaid minimum and overtime wages; (2) $98,890.75 in liquidated damages; (3) $20,000 for wage notice violations and $20,000

---

[1] This action was reassigned to District Judge Feuerstein on May 30, 2019.

for wage statement violations; and (4) $7,607.50 in attorneys' fees and costs.

## BACKGROUND

The following facts are taken from the complaint as well as the motion for default judgment and the exhibits attached to the motion.

Nabis Delicatessen, Inc. ("Nabis"), doing business as Burnside Deli is a counter service restaurant located in Lawrence, New York. Compl. ¶¶ 10, 11. Defendant Hotaki is the owner and an officer of Nabis who participated in the day-to-day operations of the restaurant. *Id.* at ¶¶ 13, 14. Both Nabis and Hotaki are employers within the meaning of the FLSA and the NYLL. *Id.* at ¶¶ 18, 19. In addition, the gross annual volume of sales or business done by Nabis during the years 2014, 2015, 2016, and 2017 was not less than $500,000.00 each year.[1] *Id.* at ¶ 20.

All four Plaintiffs are former employees of Defendants and all worked as grill cooks and/or counter men. *Id.* at ¶¶ 6-9. As such, Plaintiffs' primary duties never consisted of performing managerial work or required the exercise of discretion. *Id.* at ¶¶ 26, 37, 47, 58.

The Complaint sets forth specific allegations as to the number of hours worked by each Plaintiff for specified dates. Essentially, each Plaintiff worked more than forty hours per week and was not paid overtime compensation for hours worked past forty. *Id.* at ¶¶ 27, 38, 48, 59. In addition, Plaintiff Marroquin was not paid the applicable statutory minimum wage. *Id.* at ¶ 61. Each of the named Plaintiffs also claim that they were not provided with a statement of wages as required by NYLL §195(3) or a notice of their rate of pay and such other information as required by NYLL §195(1). *Id.* at ¶¶ 32, 33, 34, 43, 44, 54, 55, 64, 65.

---

[1] A business qualifies as an "enterprise" under FLSA where it "has employees engaged in commerce or in the production of goods for commerce, or . . . handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has an "annual gross volume of sales made or business done [that] is not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

2

Based on the foregoing allegations, Plaintiffs commenced this action on February 23, 2018 seeking to recover unpaid wages pursuant to the FLSA and the NYLL. ECF No. 1. Additionally, Plaintiffs seek to recover for Defendants' violation of the wage statement and notice provisions of the NYLL. *Id.*

Nabis was served with the summons and complaint on March 14, 2018, ECF. No. 11, and Hotaki was served on April 3, 2018. ECF No. 10. Defendants have not interposed an Answer or otherwise responded to the Complaint. Plaintiffs moved for entry of default and on August 15, 2018 and the Clerk of the Court certified Defendants' default based upon their failure to answer or otherwise appear in this action. ECF Nos. 16, 17. On February 1, 2019, Plaintiffs filed the instant motion for a default judgment. ECF No. 18. By Order dated February 26, 2019, Judge Bianco granted Plaintiffs' motion for default judgment and referred the motion for damages to the undersigned. Defendants have not opposed the motion for default judgment nor responded in any way.

## DISCUSSION

### I.   Damages

While a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Therefore, once a party's default as to liability is established, a plaintiff still must prove damages. *Id.*

"'Generally, an employee-plaintiff under the FLSA 'has the burden of proving that [s]he performed work for which [s]he was not properly compensated.'" *Berrezueta v. Royal Crown Pastry Shop, Inc.*, No. 12-CV-4380, 2013 WL 6579799, at *3 (E.D.N.Y. Dec. 16, 2013) (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 293-94 (E.D.N.Y. 2011)). "However, the employer

3

bears the burden under state and federal law of maintaining records of the employees' wages, hours, and other conditions of employment." *Id.* (citing 29 U.S.C. § 211(c) (2006); N.Y. Lab. Law. § 196-a(a)). Where, as here, Defendants have defaulted and have deprived Plaintiffs of the necessary employment records and hampered his ability to prove damages, the Court may credit Plaintiffs' testimony and estimates regarding his employment and calculate damages on that basis. *See id.*; *see also Jemine v. Dennis*, 901 F. Supp. 2d 365, 376 (E.D.N.Y. 2012) ("[W]here the employer has defaulted, [as here, the employees'] recollection and estimate of hours worked are presumed to be correct") (citation and internal quotation marks omitted).

In support of Plaintiffs' request for damages, Plaintiffs submit the affidavit of Nelson Soto Reyes, dated January 23, 2019 ("Reyes Aff."), the affidavit of Augusto Sesam Iboy, dated January 23, 2019 ("Augusto Aff."), the affidavit of Alvaro Sesam Iboy, dated January 23, 2019 ("Alvaro Aff."), the affidavit of Rene Marroquin, dated January 23, 2019 ("Marroquin Aff.") and the Affirmation in Support of Damage Calculation and Reasonable Attorneys' Fees of Arthur Forman, dated February 1, 2019 ("Forman Aff."). ECF No. 18.

### A.    Minimum Wages

"Under both the FLSA and the NYLL, employees must be paid at least a minimum hourly rate for every hour that they work." *Berrezueta*, 2013 U.S. Dist. LEXIS 177167, at * 10. (citing 29 U.S.C. § 206(a) and N.Y. Lab. Law § 652)). "'The federal minimum wage does not preempt the state minimum wage and a plaintiff may recover under whatever statute provides the highest measure of damages.'" *Berrezueta*, 2013 U.S. Dist. LEXIS 177167, at *10 (internal quotation omitted). The New York State minimum wage rate was $8.75 during 2015, $ 9.00 during 2016 and $10.50 for small employers

for 2017;[2] the federal minimum wage rate was $7.25. *See* 29 U.S.C. § 206(a)(1); N.Y. Lab. Law § 652(1). This Court applies the higher of the two rates. *See* 29 C.F.R. § 778.5; *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 33 (E.D.N.Y. Mar. 19, 2015).

According to Plaintiff Marroquin's affidavit he worked for Defendants as a grill cook and counter person from October 1, 2015 through February 1, 2017. Marroquin Aff. ¶ 3. For the period October 1, 2015, through December 31, 2015 Plaintiff Marroquin was paid $7.00 per hour, which was below the prevailing minimum wage of $8.75. Marroquin Aff. ¶ 10. In addition, for the period January 1, 2017 through February 1, 2017, Plaintiff Marroquin's hourly rate of $9.00 per hour once again dipped below the New York minimum wage of $10.50. *Id.* at ¶14.

Accordingly, it is respectfully recommended that Plaintiff Marroquin be awarded unpaid minimum wages of $910 for the period October 1, 2015 through December 31, 2015 and $300.00 for the period January 1, 2017 through February 1, 2017.

### B. Overtime Pay

Under both federal and state law, Plaintiffs are entitled to overtime wages at a rate of 150 percent of their regular wages for any week in which they worked more than forty hours. 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

According to Plaintiff Reyes' affidavit, he worked for Defendants a grill cook and counter person from November 2013 through November 2016. Reyes Aff. ¶¶ 3-4. More specifically, the evidence reflects: (1) for the period of November 1, 2013 to December 31, 2014, Plaintiff earned $9.00 per hour and worked 25 hours per week of overtime for which he was not compensated (25 hours x $4.50 per hour x 60 weeks = $6,750.00); (2) for the period of January 1, 2015 to

---

[2] Plaintiffs do not allege the number of employees at the Burnside Deli, however, Plaintiffs use $10.00 to calculate damages in their memorandum.

5

November 1, 2016, Plaintiff earned $10.00 per hour and worked 25 hours per week of overtime for which he was not compensated (25 hours x $5.00 per hour x 96 weeks = $12,000.00). *Id.* at ¶16. Adding up the above numbers results in a balance of $18,750 in overtime pay owed to Plaintiff Reyes.

According to Plaintiff Augusto Sesam Iboy's affidavit, he worked for Defendants as grill cook and counter person from January 1, 2010 through November 2013. Augusto Aff. ¶¶ 3-4. The FLSA's statute of limitations is two years, or three if an employer willfully violated the statute. *See* 29 U.S.C. § 255(a). The NYLL's statute of limitations is six years. NYLL § 663(3). Plaintiffs filed the Complaint on February 23, 2018. Plaintiff Augusto Sesam Iboy's federal wage claims are time-barred, however, he is still entitled to recover under the NYLL for the period February 23, 2012 through November 2013.

According to Plaintiff Augusto Sesam Iboy he worked 10 hours a day for seven days a week for the entire period of his employment. Augusto Aff. ¶¶ 8-9. He was compensated $550 per week during this period. *Id.* at ¶12. Pursuant to 12 NYCCRR § 146-3.5 "[i]f an employer fails to pay an employee an hourly rate of pay, the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week."[3] *See Lopez v. Royal Thai Plus, LLC*, No. 16-CV-4028 (NGG)(SJB), 2018

---

[3] "Exclusions from the regular rate are gifts and discretionary bonuses, fringe benefits pay, expense reimbursement, profit-sharing and savings-plan payments, employer contributions to benefit plans, premium pay for hours worked above 8 hours a day or 40 hours a week or above normal daily or weekly standards, premium pay for time and one-half (or greater) rates paid for Saturday, Sunday, holiday, day of rest, sixth or seventh day worked, and premium pay for work outside of a contractual daily period not exceeding 8 hours or a contractual weekly period not exceeding 40 hours. The premium pay mentioned above shall be credited towards overtime pay due." 12 NYCCRR § 146-3.5

6

U.S. Dist. LEXIS 20271, 2018 WL 1770660, at *8 (E.D.N.Y. Feb. 6, 2018), adopted, 2018 U.S. Dist. LEXIS 62266, 2018 WL 1770555 (E.D.N.Y. Apr. 12, 2018). Thus, his hourly rate is calculated as $13.75 per hour. For the period of February 23, 2012 to November 1, 2013, Plaintiff earned $13.75 per hour, making his overtime wage $20.63 per hour and worked 30 hours per week of overtime for which he was not compensated (30 hours x $20.63 per hour x 86 weeks = $53,225.40). Thus, Plaintiff August Sesam Iboy is entitled to $53,225.40 in overtime wages.

According to Plaintiff Alvaro Sesam Iboy's affidavit, he worked for Defendants as grill cook and counter person from March 2012 through March 2013. Alvaro Aff. ¶¶ 3-4. For the reasons discussed above, Plaintiff Alvaro Sesam Iboy's federal wage claims are time-barred, however, he is still entitled to recover under the NYLL for the entire period. According to Plaintiff Alvaro Sesam Iboy from March 2012 through January 2013 he worked 10 hours a day for six days a week. *Id.* at ¶ 8. Beginning on January 1, 2013 he worked seven days per week until March 1, 2013. *Id.* at ¶ 9. He was compensated $480 per week from March 2012 through August 2012. *Id.* at ¶ 11. From September 1, 2012 through March 1, 2013 he was compensated $500 per week. *Id.* at ¶ 12. Using the formula set forth in the NYCCRR discussed above he was paid $12.00 per hour from March 2012 through August 2012, $12.50 per hour from September 2012 through March 1, 2013, when his employment terminated. Once again, using the same calculation described above, for the period of March 1, 2012 to September 1, 2012, Plaintiff earned $12 per hour ($18.00 per hour for overtime) and worked 20 hours per week of overtime for which he was not compensated (20 hours x $18 per hour x 27 weeks = $9,720.00). For the period of September 1, 2012 to December 21, 2012, Plaintiff earned $12.50 per hour ($18.75 per hour overtime) and worked 20 hours per week of overtime for which he was not compensated (20 hours x $18.75 per hour x 17 weeks = $6,375.00). For the period of January 1, 2013 to March 1,

7

2013, Plaintiff earned $12.50 per hour ($18.75 per hour overtime) and worked 30 hours per week of overtime for which he was not compensated (30 hours x $18.75 per hour x 8 weeks = $4,500.00). Adding up the numbers, Plaintiff Alvaro Sesam Iboy is entitled to $20,595.00 in overtime wages.

According to Plaintiff Marroquin' affidavit, he worked for Defendants as a grill cook and counter person from October 1, 2015 through February 1, 2017. Marroquin Aff. ¶ 3.[4] More specifically, the evidence reflects: (1) for the period of October 1, 2015 to December 31, 2015, Plaintiff earned $7.00 per hour, however, he should have been compensated at a rate of $13.13[5] for overtime hours worked, leaving a shortfall of 6.13 per hour. He worked 15 hours per week of overtime for which he was not compensated (15 hours x $6.13 per hour x 13 weeks = $1,195.35); (2) for the period of January 1, 2016 to December 31, 2016 Plaintiff earned $9.00 per hour and worked 15 hours per week of overtime for which he was not compensated (15 hours x $4.50 per hour x 52 weeks = $3,510.00); and (3) for the period January 1, 2017 to February 1, 2017, Plaintiff earned $9.00 per hour, however he should have been compensated at $15.75[6] for overtime hours worked, leaving a shortfall of $6.75 per hour. He worked 15 hours per week of overtime for which he was not compensated (15 hours x $6.75 per hour x 4 weeks = $405.00). Adding up the above numbers results in a balance of $5,110.35 in overtime pay.

Accordingly, it is respectfully recommended that Plaintiff Reyes be awarded $18,750 in overtime wages, Plaintiff Augusto Sesam Iboy be awarded $53,225.40 in overtime wages,

---

[4] Later in the Affidavit, Plaintiff Marroquin avers that the last day of his employment was February 2016. *See id.* at ¶ 11. The end date of February 2017 is used throughout the remainder of the affidavit, thus this date of 2016 appears to be a typographical error.
[5] The minimum wage at the time was $8.75, therefore the appropriate overtime hourly rate would equal $13.13.
[6] The minimum wage at the time was $10.50, therefore the appropriate overtime hourly rate would equal $15.75.

Plaintiff Alvaro Sesam Iboy be awarded $20,595.00 in overtime wages and Plaintiff Marroquin be awarded $5,110.35 in overtime wages.

### C. Liquidated Damages

The FLSA and the NYLL both allow for the payment of liquidated damages. Under the FLSA, a plaintiff is entitled to liquidated damages in an amount equal to one hundred percent of the unpaid minimum and overtime wages, unless the employer is able to show it acted in good faith. *See Pineda-Herrera v. Da-Ar-Da, Inc.*, No. 09-CV-5140, 2011 WL 2133825, at *4 (E.D.N.Y. May 26, 2011). Under the NYLL, effective April 9, 2011, a plaintiff is entitled to recover one hundred percent of unpaid overtime as liquidated damages for the overtime compensation awarded under the NYLL. *See* Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a). Here, an award of liquidated damages is appropriate because Defendants have defaulted and thus not carried their burden of demonstrating good faith. *Berrezueta*, 2013 WL 6579799, at *5.

Plaintiff seeks two discrete liquidated damages awards: one under the FLSA and one under the NYLL. *See* Motion for Entry of Default Judgment and Incorporated Memorandum of Law at ¶ 15. Although district courts in this Circuit have disagreed as to whether a plaintiff may secure cumulative awards of liquidated damages under both statutes, the Second Circuit has recently ruled in a summary order that an award of liquidated damages under both statutes is inappropriate. *See Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 61 (2d Cir. 2016) (affirming lower court's decision that liquidated damages should not be awarded under both FLSA and NYLL in a default judgment). Still, Plaintiff should "recover under the statute that provides the great[er] relief." *Castillo v. RV Transport, Inc.*, No. 15 Civ. 527, 2016 WL 1417848, at *3 (S.D.N.Y. April 11, 2016); *see also Cabrera v. 1560 Chirp Corp.*, No. 15cv8194, 2017 WL

9

1289349, at *8 (S.D.N.Y. Mar. 6, 2017) ("For unpaid wages incurred on or after April 9, 2011, a plaintiff will not be permitted a cumulative recovery, but rather, may recover under the statute that provides the greatest relief.") (citation and internal quotation marks omitted), *report and recommendation adopted by*, 2017 WL 1314123 (E.D.N.Y. Apr. 6, 2017).[7]

Accordingly, it is respectfully recommended that Plaintiff Reyes be awarded $18,750 in liquidated damages, Plaintiff Augusto Sesam Iboy be awarded $53,225.40 in liquidated damages, Plaintiff Alvaro Sesam Iboy be awarded $20,595.00 in liquidated damages, and Plaintiff Marroquin be awarded $6,320.55 in liquidated damages.

### D. Wage Theft Protection Act

New York's Wage Theft Prevention Act ("WTPA"), an amendment to the NYLL effective April 9, 2011, requires employers to

> furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages; deductions; allowances, if any, claimed as a part of the minimum wage; and net wages. . . . [T]he statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

N.Y. Lab. Law § 195(3). The Act was passed by the legislature in an effort to provide employees with more rights and remedies against employers who violate the NYLL. *See Cooper v. Cavalry Staffing, LLC*, 132 F. Supp 3d 460, 466 (E.D.N.Y. 2015). Prior to February 27, 2015, the WTPA entitled employees to recover statutory damages for violations of the wage statement requirement

---

[7] Although *Chowdhury* is a summary order and therefore has no precedential effect, its reasoning and holdings are persuasive. *See Diaz v. AJE Mgmt. Corp.*, 15 Civ. 1602 (AT) (JCF), 2017 U.S. Dist. LEXIS 4324, 2017 WL 746439, at *4 (S.D.N.Y. Jan. 10, 2017) ("To be sure, *Chowdhury* is merely a non-precedential panel opinion, but a district court is ill-advised "to flout germane guidance of a Circuit Court panel and to substitute its own conclusion of law.") (internal quotation omitted).

of $100 per workweek, not to exceed $2,500. *See* N.Y. Laws ch. 564 § 7, amending N.Y. Lab. Law § 198(1-d). As of February 27, 2015, the WTPA increased these penalties to $250 per workday, not to exceed $5,000. N.Y. Lab. Law § 198(1-d).

Here, Plaintiffs claim that they never received wage statements from Defendants at any point throughout the course of their employment. ECF No. 1, ¶105; Reyes Aff. ¶¶ 7, 14; Augusto Aff. ¶¶7, 10, 11; Alvaro Aff. ¶¶7, 13, 14; Marroquin Aff. ¶¶7, 12. The Court finds that given the length of time each of the Plaintiffs were in the employ of Defendants the statutory maximum with respect to wage statement statutory penalties has been reached. Accordingly, this Court respectfully recommends that each Plaintiff be awarded $5,000, for total damages of $20,000.00.

In addition to wage statements, the WTPA also requires, that at the time of hiring, employers furnish each employee

> in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, plus such other information as the commissioner deems necessary.

N.Y. Lab. Law § 195(1)(a). Prior to February 27, 2015, the WTPA entitled employees to recover statutory damages for annual wage notice violations of $50.00 per work week, not to exceed $2,500. 2010 N.Y. Laws ch. 564 § 7, amending N.Y. lab. Law § 198(1-b). As of February 27, 2015, the penalty increased to $50. per workday, not to exceed $5,000. N.Y. lab. Law § 198(1-b); *Reyes v. Art Tek Design, Ltd.* No. 16 CV 5168, 2018 WL 614980, at *8 (E.D.N.Y. Jan. 11, 2018), adopted by, 2018 WL 611733 (E.D.N.Y. Jan. 29, 2918).

11

Here, Plaintiffs claim that they never received wage notices from Defendants at any point throughout the course of their employment. ECF No. 1, ¶102; Reyes Aff. ¶¶ 7, 14; Augusto Aff. ¶¶ 7, 10, 11; Alvaro Aff. ¶¶ 7, 13, 14; Marroquin Aff. ¶¶ 7, 12. The Court finds that given the length of time each of the Plaintiffs were in the employ of Defendants the statutory maximum with respect to wage notice statutory penalties has been reached. Accordingly, this Court respectfully recommends that each Plaintiff be awarded $5,000, for total damages of $20,000.00.

## II. Attorneys' Fees

Both the FLSA and the NYLL provide for a mandatory award of reasonable attorneys' fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b); N.Y. Labor Law § 663(1). As a general matter, in determining appropriate attorneys' fees, the "starting point" for calculating a "'presumptively reasonable fee," is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee'") (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The Supreme Court held that "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. Ex rel. Winn.*, 559 U.S. 542, 551 (2010) (emphasis in original). "The lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee." *Id.* at 553 (citation omitted); *see Arbor Hill Concerned Citizens Neighborhood Assoc.*, 522 F.3d at 184, 190-91 (holding a court determines a "presumptively reasonable fee" by considering case specific factors in order to establish a reasonable hourly rate

that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of reasonable hours). This assessment is undertaken "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Assoc.*, 522 F.3d at 190. The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984), and the relevant community is generally the "district in which the court sits," *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). Moreover, "[t]he burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed," *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012), and this Circuit requires contemporaneous billing records for each attorney, *see Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011). Finally, there is a "strong presumption" that the lodestar represents the appropriate award, though "enhancements may be awarded in rare and exceptional circumstances." *Perdue*, 559 U.S. at 552.

In the present case, Plaintiffs retained the services of Arthur H. Forman, who billed Plaintiffs for legal services totaling $7,087.50 and costs in the amount of $520.00 for the period February 15, 2018 through February 1, 2019. To support Plaintiffs' request for attorneys' fees and costs, Plaintiffs submit the affirmation of Arthur H. Forman, Esq. ("Forman") with contemporaneous billing records annexed to the affirmation. *See* ECF Nos. 18-10, 18-11.

The Court finds that Plaintiffs' submission provides sufficient evidence to form the basis for an award of fees without a further hearing. Plaintiffs seek reimbursement for legal services rendered by Forman, who has been practicing law since 1992, litigating employment law cases exclusively since 1999, including FLSA and NYLL claims, at the rate of $375 per hour. The

13

Court finds that counsel's hourly rate is in line with those ordinarily awarded to partners in this district. *See Perez v. Pino Grocery Corp.*, 17-CV-2965 (RRM), 2018 U.S. Dist. LEXIS 64952 (E.D.N.Y. Apr. 16, 2018) ("Recent cases have held that reasonable hourly rates for partners in wage and hour cases in this District typically range from $300 to $400"); *Gonzalez v. ERBA, Inc.*, No. 15-CV-6037, 2017 WL 4118, at *9 (E.D.N.Y. Aug. 30, 2017) ("In the Eastern District of New York, depending on the nature of the action, extent of legal services provided and experience of the attorney, hourly rates range from approximately $300 to $400 per hour for partners, $200 to $300 per hour for senior associates, and $100 to $200 for junior associates.") (citation and internal quotation marks omitted), adopted by, 2017 WL 4122615 (E.D.N.Y. Sept. 15, 2017); *Rivera v. Inc. Vill. of Farmingdale*, CV 06-2613 (PKC) (ARL), 2016 U.S. Dist. LEXIS 16526 (E.D.N.Y. Jan. 21, 2016) ("In recent years, courts have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $300 to $450 for partners in law firms"). Accordingly, the undersigned recommends accepting Forman's billing rate of $375 per hour.

With regard to the reasonableness of the hours billed, "[t]he number of hours counsel spends on an action will be determined unreasonable if found to be excessive, duplicative, or unnecessary." *Finkel v. Metro Sign & Maint. Corp.*, No. 09 CV 4416, 2010 WL 3940448, at *16 (E.D.N.Y. Aug. 12, 2010) (citing *Labrera v. Frank J. Batchelder Transp. LLC*, No. 08–CV–3387, 2009 WL 245021, at *4 (E.D.N.Y. Feb. 2, 2009)). Here, the record reflects that counsel spent a total of 18.9 hours on this matter. The time records submitted here describe what tasks were performed on behalf of Plaintiffs, the dates on which such tasks were performed, and the amount of time expended. I find this time reasonable. Accordingly, the undersigned recommends that Plaintiffs be awarded $7,087.50 in fees, derived as follows: 18.9 hours at $375 per hour.

Plaintiffs also seek costs in the amount of $520.00, representing the fee for filing this

action and service upon Defendants. The undersigned finds that such costs are reasonable and recommends that Plaintiffs be awarded $520.00 in costs.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for Plaintiffs shall serve a copy of this Report and Recommendation on the Defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
July 30, 2019

                           S/
                        ARLENE R. LINDSAY
                        United States Magistrate Judge