FILED
CLERK
1:05 pm, Aug 21, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
NELSON SOTO REYES, AUGUSTO SESAM
IBOY, ALVARO SESAM IBOY, and
RENE MALLOQUIN, individually and on behalf
of others similarly situated,

                    Plaintiffs,

      -against-

**ORDER**
18-CV-1211 (SJF)(ARL)

NABIS DELICATESSEN, INC., d/b/a
Burnside Deli, and HURMUT HOTAKI, a/k/a
Hurmat Hotaki,

                    Defendants.
---------------------------------------------------------------X
FEUERSTEIN, District Judge:

      Pending before the Court is the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated July 30, 2019 ("the Report"), (1) recommending that plaintiffs Nelson Soto Reyes ("Reyes"), Augusto Sesam Iboy, Alvaro Sesam Iboy and Rene Malloquin ("Malloquin") (collectively, "plaintiffs") be awarded damages in the following amounts: (a) ninety-eight thousand eight hundred ninety dollars and seventy-five cents ($98,890.75) in unpaid minimum and overtime wages, (b) ninety-eight thousand eight hundred ninety dollars and seventy-five cents ($98,890.75) in liquidated damages, (c) twenty thousand dollars ($20,000.00) for wage notice violations and twenty thousand dollars ($20,000.00) for wage statement violations, and (d) seven thousand six hundred seven dollars and fifty cents ($7,607.50) in attorneys' fees and costs; and (2) advising, *inter alia*, (a) that "[a]ny objections to th[e] Report . . . must be filed with the Clerk of the Court . . . within 14 days of service[,]" and that "[f]ailure to file objections within th[at] period waives the right to appeal the District Court's Order." (Report at 15) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118

F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)). In accordance with the Report, plaintiffs filed an affirmation of service indicating that they served the Report upon defendants by mailing a copy thereof to defendants at their last known address on August 2, 2019. (*See* Docket Entry ["DE"] 23). Defendants have not filed any timely objections to the Report, nor sought an extension of time to do so. For the reasons set forth below, the Report is accepted in its entirety.

I. Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondago County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is non-jurisdictional and, thus, the Court may excuse a violation thereof "in the interests of justice." *Neita v. Precision Pipeline Sols.*, 768 F. App'x 12, 14 (2d Cir. Apr. 29, 2019) (summary order) (citing *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 39 (2d Cir. 1997)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord Neita*, 768 F. App'x at 14.

II.  Review of Report

Since defendants have not filed any timely objections to Magistrate Judge Lindsay's Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse defendants' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, plaintiffs are awarded damages on their default judgment against defendants in the following amounts: (i) ninety-eight thousand eight hundred ninety dollars and seventy-five cents ($98,890.75) in unpaid minimum and overtime wages; (ii) ninety-eight thousand eight hundred ninety dollars and seventy-five cents ($98,890.75) in liquidated damages; (iii) twenty thousand dollars ($20,000.00) for wage notice

violations and twenty thousand dollars ($20,000.00) for wage statement violations[1]; and (iv) seven thousand six hundred seven dollars and fifty cents ($7,607.50) in attorneys' fees and costs.

III. Conclusion

For the reasons set forth above, the Report is accepted in its entirety and, for the reasons set forth therein, plaintiffs are awarded damages on their default judgment against defendants in the following amounts: (i) ninety-eight thousand eight hundred ninety dollars and seventy-five cents ($98,890.75) in unpaid minimum and overtime wages; (ii) ninety-eight thousand eight hundred ninety dollars and seventy-five cents ($98,890.75) in liquidated damages; (iii) twenty thousand dollars ($20,000.00) for wage notice violations and twenty thousand dollars ($20,000.00) for wage statement violations; and (iv) seven thousand six hundred seven dollars and fifty cents ($7,607.50) in attorneys' fees and costs. The Clerk of the Court shall enter

---

[1] As indicated in the Report, exclusive of the award of attorneys' fees and costs, (a) Malloquin is awarded one thousand two hundred ten dollars ($1,210.00) in unpaid minimum wages, five thousand one hundred ten dollars and thirty-five cents ($5,110.35) in unpaid overtime wages, six thousand three hundred twenty dollars and thirty-five cents ($6,320.35) in liquidated damages, five thousand dollars ($5,000.00) for wage notice violations and five thousand dollars ($5,000.00) for wage statement violations, for a total award of twenty-two thousand six hundred forty dollars and seventy cents ($22,640.70); (b) Reyes is awarded eighteen thousand seven hundred fifty dollars ($18,750.00) in unpaid overtime wages, eighteen thousand seven hundred fifty dollars ($18,750.00) in liquidated damages, five thousand dollars ($5,000.00) for wage notice violations and five thousand dollars ($5,000.00) for wage statement violations, for a total award of forty-seven thousand five hundred dollars ($47,500.00); (c) Augusto Sesam Iboy is awarded fifty-three thousand two hundred twenty-five dollars and forty cents ($53,225.40) in unpaid overtime wages, fifty-three thousand two hundred twenty-five dollars and forty cents ($53,225.40) in liquidated damages, five thousand dollars ($5,000.00) for wage notice violations and five thousand dollars ($5,000.00) for wage statement violations, for a total award of one hundred sixteen thousand four hundred fifty dollars and eighty cents ($116,450.80); and (d) Alvaro Sesam Iboy is awarded twenty thousand five hundred ninety-five dollars ($20,595.00) in unpaid overtime wages, twenty thousand five hundred ninety-five dollars ($20,595.00) in liquidated damages, five thousand dollars ($5,000.00) for wage notice violations and five thousand dollars ($5,000.00) for wage statement violations, for a total award of fifty-one thousand one hundred ninety dollars ($51,190.00).

judgment in favor of plaintiffs in accordance with this Order, the Report and the February 26, 2019 order granting plaintiffs' motion for a default judgment against defendants; and close this case.

SO ORDERED.

                                                                  /s/ *Sandra J. Feuerstein*
                                                         SANDRA J. FEUERSTEIN
                                                         United States District Judge

Dated: August 21, 2019
       Central Islip, New York